**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRY HARDAGE, | No. 12-35149 |
| Plaintiff - Appellant, | D.C. No. 6:12-cv-00221-HO |
| v. | |
| WALT GULLETT; KRISTI ANDERSON; JENNIFER DOERNER; MARY MATTHEWS; THE CITIZENS REVIEW BOARD; DAN MOSELEY; RYAN LOOSLI, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted February 14, 2014[**]
San Francisco, California

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Terry Hardage appeals pro se from the district court's judgment dismissing his action for alleged violations of 42 U.S.C. §§ 1983, 1985, and 1986. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). We we may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.[1]

On appeal, Hardage maintains that, contrary to the district court's ruling, he is not challenging the results of the state dependency hearing, and he argues that the dependency hearing has no bearing on his § 1983 claim. Instead, he contends, the issue is whether the initial removal of his children into protective custody was illegal, and he argues that the juvenile court did not consider this issue in the dependency hearing. However, Hardage's complaint fails to state such a claim, or to allege any connection between the defendants and the initial removal of Hardage's children. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677-80 (2009); *United Steelworkers of America v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc); *Karim–Panahi v. L.A. Police Dep't,* 839 F.2d 621, 626 (9th Cir. 1988).

---

[1] Because the parties are familiar with the facts and procedural history underlying this appeal, we do not recount them here.

**AFFIRMED**.